IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLNA
CHARLOTTE DIVISION
3:20CV525-GCM

| | |
|---|---|
| DAVID WAYNE MOORE, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| CITY OF CHARLOTTE, | ) |
| Defendant. | ) |

This matter is before the Court upon Defendant's Motion to Dismiss Portions of Plaintiff's Complaint.[1] Once this Motion was fully briefed, the Court requested that the Parties file supplemental briefs addressing the issue of equitable tolling. The Parties have now filed those supplemental briefs and this matter is ripe for disposition.

I. FACTUAL BACKGROUND

This case arises out of Defendant's termination of Plaintiff's employment on June 18, 2018. Plaintiff filed a Charge of Discrimination with the EEOC on December 5, 2018, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the ADA Amendments Act ("ADAAA"). (Amd. Compl. ¶ 19.) The EEOC issued Plaintiff a Right to Sue Letter which Plaintiff received on or about February 21, 2020. (*Id.* at ¶ 20). Plaintiff then

---

[1] Defendant's Motion was filed on October 29, 2020. Plaintiff subsequently filed his Amended Complaint on November 19, 2020. Ordinarily the Amended Complaint would moot Defendant's Motion to Dismiss, however, the issues raised in Defendant's Motion address the timeliness of Plaintiff's commencement of the suit and are neither altered nor cured by Plaintiff's Amended Complaint. Denying Defendant's Motion as moot would simply result in a refiling of the motion along with an additional round of identical briefing. This is an inefficient waste of time and resources. Accordingly, the Court will exercise its discretion to address Defendant's Motion on its merits.

1

had ninety (90) days within which to file his lawsuit. *See* 42 U.S.C. § 2000e-5(f)(1) (1994); 42 U.S.C. § 12117(a) (adopting the enforcement provisions of Title VII, including § 2000e-5).

Plaintiff commenced this action in North Carolina Superior Court on May 14, 2020 through an Application and Order Extending Time to File a Complaint. (Amd. Compl. at ¶ 21). That same day, he also obtained a Civil Summons to be served within 60 days. (*Id.*). Plaintiff filed his Complaint on June 3, 2020. (*Id.* at ¶ 22). His Complaint included claims under Title VII, the ADAAA, the Family Medical Leave Act ("FMLA"), and Wrongful Discharge in Violation of Public Policy. (*Id.* at ¶ 2).

Under Rule 4(c) of the North Carolina Rules of Civil Procedure, Plaintiff was required to serve the May 14, 2020 Summons no later than July 13, 2020. In order to continue the action if not served within 60 days, Rule 4(d) dictates that Plaintiff secure an endorsement or sue out an alias and pluries summons within 90 days of the issuance of the May 14, 2020 Summons, or August 12, 2020. Plaintiff did not obtain an alias and pluries summons until August 19, 2020, seven days after the deadline. (Doc. 1-1 at pp. 2-3). Defendant argues that the failure to timely secure an alias and pluries summons rendered the action discontinued. Defendant was ultimately served with the Summons and Complaint on August 24, 2020. The action was removed to this Court on September 22.

The Plaintiff has filed the Affidavit of his counsel, which verifies certain facts relevant to Defendant's Motion. (Doc. No. 10). Defendant does not dispute any of the following facts. On March 27, 2020, North Carolina Governor Roy Cooper ordered people in the state of North Carolina to stay at home until April 29, 2020 in an effort to slow the spread of the COVID-19 coronavirus pandemic ("Stay at Home Order"). This Stay at Home Order was subsequently extended through May 8, 2020. On May 20, 2020, Governor Cooper moved the state to a "Safer

2

at Home" recommendation. Businesses were encouraged to allow their employees to work from home. On June 24, 2020 and July 16, 2020, Governor Cooper Extended the Safer at Home restrictions through at least August 7, 2020. Many offices, including Plaintiff's counsel's office, continued working from home as much as possible, as did the City's internal and external counsel involved in this matter. North Carolina State Supreme Court Chief Justice Cheri Beasley ultimately extended all state statutes of limitations, deadlines to answer or otherwise respond, and filing deadlines through July 31, 2020.

On June 2, 2020, one of Plaintiff's attorneys, Jennifer Spyker, emailed the Summons and Application and Order to the City Attorney. The City Attorney acknowledged receipt of the email the following day. The Complaint was also emailed to the City Attorney on June 9. Therefore, the City did receive actual notice of the lawsuit.

On June 10, Plaintiff's counsel's office sent the Application and Order Extending Time to File Complaint, Civil Summons to be Served with Order Extending Time to File Complaint, Complaint, and Delayed Service of Complaint to Defendant's City Manager, Marcus Jones, via USPS certified mail, and requested an electronic receipt. (Doc. No. 9, p. 5). Due to the pandemic and the Governor's executive orders, City employees were under a work from home mandate and City buildings were closed to non-essential employees and the public at that time. (*Id*.) Plaintiff's counsel was unaware that USPS was holding mail for closed businesses and changing signature requirements. (*Id*. at p. 7). Plaintiff's counsel was not made aware of this until Lawyers Mutual sent a Risk Management Alert email to all insureds in North Carolina on October 13, 2020 notifying everyone of USPS' suspension of Signature Services procedures for Certified Mail. (*Id*.)

When Plaintiff's counsel checked the certified mail tracking number online, it showed that the package was still "In Transit to Next Facility" as of June 20, 2020 (*Id.*). There was no additional update on the package's location after that date. (*Id.*). On August 3, 2020, Plaintiff's counsel's paralegal emailed the City Attorney to ask if the City was accepting service by certified mail since she had mailed the Summons and Complaint package on June 10th and the tracking showed it as still in transit. (*Id.*). Plaintiff's counsel's paralegal stated in the email that she was not sure if there was someone at the City to accept the mail if their office was working remotely. (*Id.*). She asked if she should try resending it to the same address or if the City would accept service. (*Id.*) She received no response. Plaintiff's counsel received a letter dated August 19, 2020 from the USPS stating, "We regret to inform you that we were unable to locate any delivery information in our records for your item." (*Id.* at p. 8). The mailing was never returned to Plaintiff's counsel's office, which is standard in cases of non-delivery. (*Id.*)

Defendant argues that Plaintiff's Title VII and ADAAA claims must be dismissed because they were not commenced within the requisite 90-day time limit. Defendant also contends that the new August 19, 2020 commencement date renders Plaintiff's FMLA claim untimely.

## II.   DISCUSSION

### A. Legal Standards

Defendant states that it is moving to dismiss pursuant to Rules 4 and 12(b)(5) of the North Carolina Rules of Civil Procedure and Rule 12(b)(6) of the Federal Rules of Civil Procedure. "[C]ourts have recognized that the 90-day filing requirement . . . is in the nature of a statute-of-limitations defense and has considered such defense to be a plaintiff's failure to state a

4

claim under Rule 12(b)(6)." *Baldree v. Vallen Distribution, Inc.,* 3:20-cv-00467-MOC-DCK, 2020 WL 6875156, at *2 (W.D.N.C. Nov. 23, 2020) (internal quotations and citations omitted).

The Plaintiff contends that any incomplete or defective service that would be fatal to a plaintiff's case in state court can be cured with the application of 28 U.S.C. § 1448[2] and Fed. R. Civ. P. 4(m).[3] Moreover, Plaintiff argues that the claims would nevertheless not be time-barred in state court because of the extraordinary circumstances of the pandemic and the North Carolina Supreme Court's directive to liberally grant relief and accommodations to parties.

### B. Equitable Tolling

The Court finds it unnecessary to address these arguments because the doctrine of equitable tolling applies herein. The 90-day time limit in which Plaintiff must file his Title VII and ADAAA claims is "not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Laber v. Harvey*, 438 F.3d 404, 429 n. 25 (4th Cir. 2006) (quotation omitted). Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). Equitable tolling is appropriate when circumstances beyond the plaintiff's control prevented him from complying with the statutory time limit. *Id*. at 246 (internal citations omitted). A plaintiff is thus entitled to equitable tolling if

---

[2] 28 U.S.C. § 1448 provides that:
   [i]n all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

[3] Plaintiff previously filed a motion for extension of time to serve pursuant to Rule 4(m), which the Court granted prior to entertaining the present motion.

5

he shows (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time. *Id.* The Fourth Circuit has indicated that when considering equitable tolling, the "district courts should conduct a thorough examination of the facts to determine if reasonable grounds exist for an equitable tolling of the filing period." *Harvey v. City of New Bern Police Dep't,* 813 F.2d 652, 654 (4th Cir. 1987).

The Court cannot conceive of more "extraordinary circumstances" than the COVID-19 pandemic. Indeed, district courts in the Fourth Circuit as well as across the country have exercised their discretion to apply equitable tolling to extend statutes of limitations and time limits in cases impacted by the COVID-19 pandemic. *See Baldree*; *Kumar v. First Abu Dhabi Bank USA N.V.*, No. ELH-20-1497, 2020 WL 6703002 (D. Md. Nov. 13, 2020); *Cummins v. Ascellon Corp.*, No. CV DKC 19-2953, 2020 WL 6544822, at *10 (D. Md. Nov. 6, 2020), *Brown v. Davis*, No. 1:19-CV-01796-DAD, 2020 WL 5069654 (E.D. Cal. Aug. 27, 2020), *Baxter v. Burns & McDonnell Eng'g Co., Inc.*, No. JKB-19-3241, 2020 WL 46828 (D. Md. July 27, 2020); *Dunn v. Baca*, No. 3:19-cv-00702-MMD-WGC, 2020 WL 2525772 (D. Nev. May 18, 2020).

Based upon the filings, the Court finds that Plaintiff was diligent in pursuing his rights under circumstances that were outside of his control. He was persistent in his attempts to serve the Defendant during the pandemic, despite City office closures, employees working from home, historic delays and disruptions in mail delivery, and other pandemic-related obstacles. Plaintiff's counsel diligently kept the City Attorney informed and updated with emailed copies of the actual documents and emails regarding service issues every step of the way. Accordingly, the Court finds that the 90-day time limit for Plaintiff's Title VII and ADAAA claims is equitably tolled until August 19, 2020.

### C. FMLA and Wrongful Discharge claims

Under the FMLA, retaliation and interference claims must be filed within two (2) years after the date of the last event constituting the alleged violation for which the action is brought. 29 U.S.C. § 2617(c)(1). An employer's willful conduct will extend the statute of limitations to three (3) years. 29 U.S.C. § 2617(c)(2); *Bosse v. Baltimore Cty.*, 692 F. Supp. 2d 574, 583 (D. Md. 2010) ("A violation is willful if the employer knew or showed reckless disregard [as to] whether its conduct was prohibited by the FMLA.") (internal quotations omitted).

Plaintiff was terminated by the Defendant on June 8, 2018. Defendant contends that because Plaintiff has failed to allege facts sufficient to support a three-year statute of limitations, he only had until June 8, 2020 to assert his FMLA claims. For the reasons stated above, the Court finds that equitable tolling applies to extend the statute of limitation for Plaintiff's FMLA claim. In the alternative, the Court finds that Plaintiff's Amended Complaint sufficiently alleges willful violations of the FMLA.

Plaintiff centers his state claim of Wrongful Discharge in Violation of Public Policy on his contention that the City terminated him because of his race and his disability in violation of the North Carolina Persons with Disabilities Protection Act ("NCPDPA") and the North Carolina Equal Employment Practices Act ("NCEEPA"). The NCPDPA prohibits, among other things, discrimination and retaliation in employment against employees with disabilities. N.C. Gen. Stat. § 168A-1 *et. seq.* A plaintiff who wishes to bring an action regarding employment discrimination under this statute must do so within 180 days after the date he became aware of or reasonably should have become aware of the discriminatory practice or conduct prohibited by the statute. N.C.G.S. § 168A-12. Plaintiff filed an EEOC Charge of Discrimination on December 5, 2018, alleging he had been

discriminated and retaliated against based on a disability during his employment with the City. Defendant argues that assuming Plaintiff did not become aware of discriminatory conduct until the day he filed his Charge of Discrimination, the very latest Plaintiff could have commenced a claim based on a violation of this statute would have been on or about June 5, 2019.

The problem with Defendant's argument is that Plaintiff also based his Wrongful Discharge in Violation of Public Policy on his alleged termination based on a disability in violation of the NCEEPA. "[C]ourts have repeatedly recognized that termination based on an employee's disability in violation of the NCEEPA provides a proper basis for a wrongful discharge claim." *Sidhu v. Cancer Centers of N.C., P.C.*, No. 5:12-CV-603-FL, 2013 WL 2122958, at *4 (E.D.N.C. May 15, 2013), (citing *Rishel v. Nationwide Mut. Ins. Co.*, 297 F.Supp.2d 854, 875 (M.D.N.C.2003). Accordingly, the Court denies Defendant's motion to dismiss this claim.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Portions of Plaintiff's Complaint is hereby DENIED.

Signed: February 22, 2021

Graham C. Mullen
United States District Judge